IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KEVIN UNDRAL JERNIGAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No.4:21-CV-868-Y |
| | § | |
| BOBBY LUMPKIN, | § | |
| Director, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by Petitioner, Kevin Undral Jernigan, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice, against the director of that division, Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time barred.

**I. Factual and Procedural History**

Jernigan is in state custody under two judgments of the 371st Judicial District Court, Tarrant County, Texas, in cause numbers 1501405D and 1501406D, styled *The State of Texas v. Kevin Undral Jernigan*. (SHR-02[1] at 8-10 [judgment and sentence for enhanced intoxicated manslaughter], doc. 21-2; SHR-03 at 8-10 (judgment and

---

[1] As Jernigan has two convictions, he had two separate state writ application proceedings. "SHR-02" and "SHR-03" refer to the record of Jernigan's state habeas-corpus proceedings in WR-92,543-01 and WR-92,543-02, respectively.

sentence for enhanced intoxicated manslaughter), doc. 21-3). In those cases, Jernigan pleaded guilty under a plea agreement in which the state agreed to waive four other charged counts in each cause number and Jernigan agreed to two, concurrent twenty-four-year terms of confinement on April 20, 2018.[2] *Id.*

Jernigan did not file an appeal. Pet. 3, doc.3. As noted above, Jernigan filed two state applications for habeas corpus no earlier than October 2, 2020.[3] They were each denied "without written order on findings of the trial court without hearing and on the Court's independent review of the record" on May 19, 2021. (SHR-01, "Action Taken," doc. 21-1; SHR-04, "Action Taken," doc. 21-4.)

---

[2]There is some confusion as to when the state-court judgments were rendered. The state-court findings, and the State's answers indicate that the judgments were rendered in 2019 instead of 2018, but the state-court records kept in the regular course of business—the judgment date, the file-stamp date on the judgment, and the plea paperwork—confirm that Jernigan was convicted in 2018. Compare Pet. 2, doc. 3 (Jernigan claiming judgments in 2019), and SHR-02 at 52, doc. 21-2 (State's application response indicating judgments was in 2019); SHR-02 at 93, doc. 21-2 (Proposed and adopted Finding of Fact No. 1 indicating judgment was in 2019), with SHR-02 at 8 (judgment date in 2018), doc. 21-2, SHR-02 at 10 (file stamp date on judgment in 2018,) doc. 21-2, SHR-02 at 61-66 (plea admonishments with written date as 2018 and file stamp date as 2018,) doc. 21-2, SHR-02 at 68 (docket sheet with numerous docket entry dates consistent with 2018 judgment). Jernigan's second application record demonstrates the same date conflict.(SHR-03 at 8, 10, 52, 61-66, 68, and 93, doc. 21-3.)

[3]Petitioner's state habeas applications are deemed filed when placed in the prisoner mailing system. *See Richards v. Thaler*, 710 F.3d 573 (5th Cir. 2013)(applying the prison mailbox rule to state habeas applications). Although the state writ application do not reflect that information, Jernigan signed and dated the "Unsworn Declaration" in each form state writ application on October 2, 2020. (SHR-02 at 29, doc. 21-1; SHR-03 at 29, doc. 21-3.) For purposes of this opinion, the state applications are therefore considered filed on October 2, 2020.

Jernigan then filed this federal petition for habeas-corpus relief under 28 U.S.C. § 2254 on May 10, 2021.[4] (Pet. 10-11, doc. 3.) In his grounds for relief, Jernigan contends that he received ineffective assistance of counsel because counsel failed to inform him that the State had to prove his accident was caused by intoxication and failed to challenge the deadly-weapon finding, and that the guilty pleas were involuntary because they were predicated on counsel's "misadvice and erroneous assistance." (Pet. 6-7, doc. 3; Brief 1-8, doc. 4.) Respondent asserts that the § 2254 petition should be dismissed as untimely under the federal statute of limitations. (Resp't's Answer 4-8, doc. 20.)

## II. Statute of Limitations

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such

---

[4]Jernigan's federal habeas petition is also deemed filed when placed in the prison mailing system. See *generally Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998)(for purposes of determining the applicability of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal petition is filed on the date it is placed in the prison mail system). Jernigan executed a declaration in the § 2254 petition that he placed it in the prison mailing system on May 21, 2021.

>    review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Because Jernigan challenges his conviction with allegations that he should have been aware of prior to his final judgment date, the statute of limitations runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" as listed in subsection A. For the purposes of calculating when the applicable AEDPA limitation began to run, the Court looks to when Jernigan's judgment became final, which in this case is when his time for filing a direct appeal expired, or on May 21, 2018 (i.e. 30 days

after the conclusion of his direct appeal).[5] *See Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008)("the conviction becomes final when the time for seeking further direct review in the state court expires"); Tex. R. App. Proc. 26.1 (allowing 30 days to file a notice of appeal under Texas law). Therefore, absent any tolling, Jernigan's limitations period would have expired one year later, or on May 21, 2019.

**Statutory Tolling**

Tolling of the limitations period may be appropriate under the statutory-tolling provision in § 2244(d)(2) and/or as a matter equity. Petitioner's state habeas applications filed on October 2, 2020, after limitations had already expired, do not operate to toll the limitations period. *See Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). Therefore, absent tolling as a matter of equity, Jernigan's petition, constructively filed on May 10, 2021, is untimely.

**Equitable Tolling**

For equitable tolling to apply, a petitioner must show (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented him from filing a timely petition or he can make a "convincing showing" that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*,

---

[5]Thirty days after the conviction concluded-Sunday, May 20, 2018-but Rule 4.1 of the Texas Rules of Appellate Procedure extends the due date back to the following Monday-May 21, 2018.

560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408 (2005)). The Fifth Circuit has explained,

> "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998). Equitable tolling will be granted in "rare and exceptional circumstances," *id*. at 811, and will not be granted if the applicant failed to diligently pursue his rights, *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "Equitable tolling applies principally when the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). "[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).

*Larry v. Dretke*, 361 F.3d 890, 896–97 (5th Cir. 2004).

Here, Jernigan has not shown any exceptional circumstances to warrant equitable tolling. He complains of some delays caused by pandemic-related restrictions, but those complaints are irrelevant since his limitations period expired in 2019, prior to the advent of the pandemic. (Brief 10, doc. 4.) Further, Jernigan's inexperience and pro-se status are not exceptional circumstances. *See, e.g., Fisher*, 174 F.3d at 714. In his reply, Jernigan contends that counsel never consulted with him about an appeal. (Reply 1, doc. 23.) But without more, such allegations are not a basis for equitable tolling. *See Avalos v. United States*, Civ. No. 1:19-CV-54, Crim. No. B:14-748-1, 2019 WL 5653855, at *7 n. 5 (S.D. Tex. Oct. 3, 2019)(finding that equitable toling was not warranted for allegations that counsel failed to file an appeal or consult

-6-

regarding an appeal), *rep and rec. adopted*, 2019 WL 5653672 (S.D. Tex. Oct. 31, 2019)). Although Jernigan also asserts other events in the reply, he does not argue how any of them prevented him from timely filing, and he does not set forth any facts to support that he exercised diligence in pursuing relief. (Reply 1, doc. 23.) Equitable tolling therefore does not apply to this case.

Since Jernigan constructively filed the present § 2254 petition no earlier than May 10, 2021, and his limitations period expired almost two years earlier, May 21, 2019, his petition is untimely.

### III. Conclusion

For the reasons discussed, Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED with prejudice as time barred. All pending motions not previously ruled upon are DENIED.

Further, Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. The certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th

Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). When the district court denies the petition on procedural grounds without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack,* 529 U.S. at 484). This inquiry involves two components, but a court may deny a certificate of appealability by resolving the procedural question only. Petitioner has not made a showing that reasonable jurists would question this Court's procedural ruling. Therefore, a certificate of appealability should not issue.

SIGNED July 29, 2022.

*/s/ Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE